IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GEORGE W. WATSON, II and
TRACY WATSON, husband and wife,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  3:21-0264

CITIZENS DEPOSIT BANK
AND TRUST, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff George M. Watson, II, and Tracy Watson's Motion to Remand and for Costs and Fees (ECF No. 6) and their Motion to Dismiss Defendant Citizens Deposit Bank and Trust, Inc.'s Counterclaim. ECF No. 10. For the following reasons, the Court **DENIES** both motions.

Plaintiffs filed a Verified Complaint in the Circuit Court of Putnam County, West Virginia, alleging various causes of action related to a mortgage on their home. Thereafter, Defendant removed the action to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000.00. *See* 28 U.S.C. §§ 1332, 1441, 1446.[1] Plaintiffs now seek to

---

[1]Section 1332(a) provides, in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]" 28 U.S.C. §§ 1332(a). Section 1441 authorizes the removal of actions when federal jurisdiction exists. Finally, Section 1446(c)(2) states, in part: "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--(A) the notice of removal may assert the

remand the action back to state court, insisting that Defendant has failed to show the amount in controversy exceeds the $75,000 threshold.

Initially, the Court recognizes the parties do not dispute that diversity of citizenship exists. The only issue before this Court is whether Defendant has established the jurisdictional amount. In their Verified Complaint, Plaintiffs state in the section entitled "Jurisdictional Statement" that they "have stipulated that the amount in controversy is less than $74,999.00 (inclusive of attorney fees) exclusive of interest and costs." *Verified Compl.* at ¶6, ECF No. 1-4. Plaintiffs also contemporaneously filed with the Verified Complaint a "Stipulation" providing:

> Now comes the Plaintiff, individually and by counsel, and enters into this binding stipulation regarding the claim in this action. Plaintiff hereby irrevocably stipulates that they are not seeking and will not accept any recovery, including equitable relief, in excess of the sum of $74,999.00 (inclusive of attorney fees) exclusive of interest and costs. By this stipulation, Plaintiff agrees not to seek an amount in excess of the sum of $74,999.00 (inclusive of attorney fees) exclusive of interest and costs and hereby agrees to remit to the Defendant[] any sum awarded in excess of that amount. The Plaintiff expects and intends that this stipulation to be irrevocable.
>
> I do solemnly swear and affirm, under the penalty of perjury, that the statements given hereinabove are the truth, the whole truth and nothing but the truth.

*Stipulation* (Mar. 26, 2021), ECF No. 1-4. The Stipulation was given under penalty of perjury, notarized, and signed by both Plaintiffs and their counsel. Given the Stipulation and the Verified

---

amount in controversy if the initial pleading seeks--(i) nonmonetary relief; . . . and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

Complaint, Plaintiffs insist the case should be remanded, and they should be awarded costs and fees for Defendant's removal. Defendant disagrees and argues that removal was proper.

In determining whether jurisdiction exists, it is Defendant's burden, as the party seeking to invoke jurisdiction, to make such a showing by a preponderance of the evidence. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Davis v. Collecto, Inc.*, No. 3:20-0215, 2020 WL 2099563, at *2 (S.D. W. Va. May 1, 2020). If federal jurisdiction is doubtful, the Court must remand the action back to state court. *Mulcahey*, 29 F.3d. at 151; *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (stating the court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction" (internal quotation marks and citation omitted)). Where, as here, a plaintiff does not provide a specific dollar amount in the complaint's "Prayer for Relief," the Court must determine the amount in controversy "by considering the judgment that would be entered if plaintiff prevailed on the merits." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936-37 (S.D. W. Va. 1996) (citation omitted). To do so, the Court should consider the entire record. *Parsley v. Norfolk & W. Ry. Co.*, No. 3:17-4322, 2018 WL 813158, at *1 (S.D. W. Va. Feb. 9, 2018) (citation omitted).

In this case, Defendant maintains that, despite the Stipulation, Plaintiffs did not set forth a sum certain amount in their "Prayer for Relief," and they have requested "[c]ancellation of the debt pursuant to W. Va. Code § 31-17-17(a)." *Verified Compl.* at 9, ECF No. 1-4. As the debt remaining on Plaintiffs' mortgage exceeds $200,000.00, Defendant argues its pecuniary potential loss far exceeds Plaintiffs' stipulated cap. *See Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (stating "the test for determining the amount in controversy in a diversity proceeding is the

pecuniary result to either party which a judgment would produce" (internal quotation marks and citation omitted)). Thus, Defendant maintains removal was proper.

Upon consideration, it is clear that the central issue in this case is what significance the Court should give Plaintiffs' Stipulation. In addressing the weight a stipulation should be given, the court in *McCoy v. Erie Insurance Co.*, 147 F. Supp.2d 481 (S.D. W. Va. 2001), held that it was not bound by a plaintiff's unilateral stipulation of the amount in controversy. 147 F. Supp.2d at 485. However, a stipulation will be given greater weight if is a "formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery" *and* if it is "filed contemporaneously with the complaint, *which also should contain the sum-certain prayer for relief*." *Id*. at 485-86 (italics added; citations omitted). Relying upon *McCoy*, other courts have found stipulations ineffective to defeat diversity jurisdiction when plaintiffs have failed to include a sum certain below the jurisdictional threshold in their prayers for relief. *See Miller v. Kanawha River R.R., L.L.C.*, No. 2:18-01367, 2018 WL 6579167, at *3 n.1 (S.D. W. Va. Dec. 13, 2018) ("The court notes that the Stipulation is also ineffective to defeat diversity jurisdiction because the plaintiffs' Complaint does not contain a sum certain prayer for relief." (citations omitted)); *Kittredge v. Navy Fed. Credit Union*, No. 3:15-81, 2016 WL 47877, at *3 (N.D. W. Va. Jan. 4, 2016) (finding "[t]he stipulation would be entirely valid, binding and effective to preclude removal, but for the absence of a sum-certain prayer for relief in the Plaintiffs' state court complaint . . . . [as] required by federal courts in this state"); *Bailey v. SLM Corp.*, No. 5:11-00715, 2012 WL 1598059, *5 (S.D. W. Va. May 7, 2012) (stating that a "fail[ure] to include a sum-certain prayer of relief in her complaint . . . . does not conform to the standard discussed in *McCoy* and would not be effective to defeat diversity jurisdiction").

In this case, Plaintiffs argue their Stipulation should control, but they did not limit their recovery in their "Prayer for Relief." Thus, Plaintiffs have not complied with the *McCoy* standard, and the Stipulation by itself will not defeat jurisdiction. The closest Plaintiffs come to limiting their recovery in the Verified Complaint is the reference to the Stipulation in the "Jurisdictional Statement" section, where they state there is no diversity because they "have stipulated that the amount in controversy is less than $74,999.00 (inclusive of attorney fees) exclusive of interest and costs." *Verified Compl.* at ¶6. However, Plaintiffs then proceed in their "Prayer for Relief" to request cancellation of the debt, which exceeds $200,000 and is directly contrary to the statement in their Stipulation that they will not "seek an amount in excess of $74,999.00[.]" *Stipulation*, ECF No. 1-4. Given this inconsistency and the fact the Verified Complaint does not conform to the *McCoy* standard by including a sum-certain in the "Prayer for Relief," the Court finds that Plaintiffs' request that the debt be extinguished is sufficient for Defendant to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 threshold.[2] Although Plaintiffs further insist they will refund Defendant any sum awarded, including the value of any equitable relief they receive, in excess of $74,999.00, the Court is not required to accept Plaintiffs' unilateral divestment of this Court's jurisdiction by Stipulation when their request in the Verified Complaint places the pecuniary interest of

---

[2] Plaintiffs further allege that Tracy Watson's signature was forged on the mortgage paperwork and related documents, and they request in the Verified Complaint that her name be removed from all these documents. *Verified Compl.* at ¶¶ 52-55, 60(c). If Mrs. Watson is absolved from the entire debt, Defendant asserts its potential pecuniary loss likewise exceeds the jurisdictional threshold. However, as the Court finds Plaintiffs' request that the debt be cancelled is sufficient to establish jurisdiction, it is unnecessary to resolve whether the dismissal of Mrs. Watson also would establish jurisdiction.

Defendant in excess of the jurisdictional amount. Accordingly, given the entirety of the record, the Court **DENIES** Plaintiffs' Motion to Remand.[3]

Turning next to Plaintiffs' Motion to Dismiss Defendant's Counterclaim, Plaintiffs argue that the Court should dismiss Defendant's counterclaim because it was filed with the Answer after removal. Plaintiffs make no argument the counterclaim fails to meet the pleading standards.[4] Rather, they only argue the Court should dismiss the counterclaim because the Court lacked jurisdiction when it was filed. Having determined the Court has jurisdiction, the Court **DENIES** Plaintiffs' motion.[5]

---

[3]Plaintiffs also argue that there are a number of courts that have held that the balance of a mortgage loan does not satisfy the amount in controversy where the plaintiffs seek equitable relief. However, the Court finds the cases cited by Plaintiffs do not support their position here. For instance, in *Raspet v. Shellpoint Mortgage Serving*, No. 1:18-19, 2018 WL 1785565 (N.D.W. Va. Apr. 13, 2018), cited by Plaintiffs, the district court actually held that the amount in controversy was met where the plaintiffs sought to rescind the foreclosure of their home and the value of the home exceeded $75,000. 2018 WL 1785565, at *3. The district court further distinguished three of the same cases cited by Plaintiffs in this case by finding those cases did not implicate the value of the property at issue. *Id*. at *4-5; citing *Addington v. LoanDepot.com, LLC*, 2:17-104, 2017 WL 4685428, *5 (N.D. W. Va. Oct. 18, 2017) (finding it was speculative whether the balance of the home loan was implicated where neither party disputed the plaintiffs were personally liable for the debt); *Bohigian v. Flagstar Bank, FSB*, No. 1:11-181, 2012 WL 112322, at *2-3 (N.D. W. Va. Jan. 12, 2012) (finding an injunction on the foreclosure of the plaintiff's home would not cost the bank the balance of the loan where the plaintiff stated she would honor the loan and there were other avenues to enforce the loan); *Stottlemire v. Caliber Home Loans, Inc.*, No. 1:16-118, 2017 WL 282419, at *2 (N.D. W. Va. Jan. 20, 2007) (stating the actual claims alleged and relief requested, not the value of the house, determine the amount in controversy). In this case, Plaintiffs not only sought any foreclosure of their house be enjoined, but they also request their debt be cancelled. Setting aside the foreclosure issue, the cancellation of the debt is sufficient to put the entire balance of the loan at issue.

[4]In their counterclaim, Defendant allege Plaintiffs are in default, and it seeks the balance of the loan with interest.

[5]Moreover, if the Court lacked jurisdiction, it would be unable to rule on this motion.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand and for Costs and Fees (ECF No. 6) and **DENIES** their Motion to Dismiss Defendant Citizens Deposit Bank and Trust, Inc.'s Counterclaim. ECF No. 10.

The Court further **ORDERS** the parties to conduct a new Rule 26(f) meeting and file a report with the Court **on or before Thursday, March 10, 2022.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:      February 24, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE